**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**CHARITY COLES** **PLAINTIFF**

**V.** **No. 3:25-CV-00254-BSM-ERE**

**SOCIAL SECURITY ADMINISTRATION,**
**COMMISSIONER** **DEFENDANT**

# RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States District Judge Brian S. Miller. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections must be specific, include a factual or legal basis, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

## I. Background

On February 15, 2023, Ms. Charity Coles filed an application for disability insurance benefits due to heart issues, sleep apnea, depression, anxiety, panic disorder, asthma, a learning disability, swelling in the feet, numbness in the feet and hands, insomnia, short term memory loss, and low vision in both eyes. *Tr. 14, 321*. Her claim was denied initially and upon reconsideration. On December 16, 2024, an Administrative Law Judge ("ALJ") held a hearing, where the ALJ heard testimony from Ms. Coles and a vocational expert ("VE"). *Tr. 36-67*. The ALJ issued a decision on February 14, 2025, finding that Ms. Coles was not disabled. *Tr. 14–28.* The

Appeals Council denied her request for review, making the ALJ's decision the final decision of the Commissioner. *Tr. 2-4*.

Ms. Coles, who was thirty-eight years old at the time of the hearing, has an associate degree and past relevant work experience as a retail sales clerk. *Tr. 41-42, 64.*

## II. The ALJ's Decision[1]

The ALJ found that Ms. Coles had not engaged in substantial gainful activity since her alleged onset date of September 27, 2022, and had the following severe impairments: cervical and lumbar degenerative changes, ulnar neuropathy, asthma, atrial tachycardia, obesity, depression, PTSD, bipolar disorder, and anxiety disorder *Tr. 17.* The ALJ concluded that Ms. Coles did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 17.*

According to the ALJ, Ms. Coles had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) occasional climbing of ramps and stairs; (2) no climbing ladders, ropes, or scaffolds; (3) occasional

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)(4).

balancing, stooping, kneeling, crouching, and crawling; (4) frequent use of the upper extremities to reach, handle, finger, and feel; (5) occasional overhead reaching; (6) occasional exposure to atmospheric conditions such as fumes, noxious odors, dusts, mists, gases, and poor ventilation; (7) can understand, remember, and carry out simple instructions; (8) occasional interaction with supervisors, coworkers, and the public; and (9) no tasks that involve specific production rate pace, such as assembly line work. *Tr. 20.*

Based on the VE's testimony, the ALJ found that a substantial number of potential jobs were available in the national economy that Ms. Coles could perform, including price tag ticketer, routing clerk, and collator. *Tr. 27, 65.* Accordingly, the ALJ found that Ms. Coles was not disabled.

## III. Discussion

### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider

not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B. Ms. Coles' Argument for Reversal

Ms. Coles argues that the Commissioner's decision is not supported by substantial evidence because the ALJ failed to properly evaluate psychological consultative examiner Ellen Qualls' opinion and consider the mental health record as a whole. *Doc. 9.*

### C. Analysis

Ms. Coles asserts that the ALJ's evaluation of Nurse Qualls' "opinion is a gross generalization of the detailed findings in the report and fails to properly consider the supportability and consistency factors." *Doc. 11*.

The ALJ found that Nurse Qualls' opinion "essentially . . . indicated the claimant was unable to interact with others; she could not sustain concentration to complete simple tasks; and she was unable to cope with the mental demands of work." *Tr. 26.* The ALJ noted that Nurse Qualls' opinion was unsupported because it was based "largely on the claimant's allegations[,] since the exam results showed she was able to interact adequately with the examiner and completed several tasks

during the evaluation." *Id.* The ALJ also found the opinion "inconsistent with the record as a whole based on the mostly normal mental status exams and conservative treatment history," which the ALJ outlined in the opinion. *Id.*

Ms. Coles' argument boils down to a disagreement with the ALJ's interpretation of the evidence of record. However, the Court's task is not to determine whether substantial evidence supports Ms. Coles' claim, but to assess whether substantial evidence supports the ALJ's decision. "So long as substantial evidence supports the ALJ's decision, [the Court] will not reverse even if substantial evidence would have supported a contrary decision or even if [the Court] would have decided the case differently." *Pierce v. Kijakazi*, 22 F.4th 769, 771 (8th Cir. 2022).

On September 21, 2023, Nurse Qualls concluded that Ms. Coles had "limited ability to communicate in a socially adequate manner" and "would be unable to cope with the mental demands of work-like tasks." *Tr. 680*. Importantly, at the time she visited Nurse Qualls, Ms. Coles was "[n]ot currently on therapy or on medication" for her mental health impairments. *Tr. 676.* In fact, just a few weeks earlier, at a September 11, 2023 appointment, Ms. Coles reported that she did "not want anything at that time" for her depression and that "spend[ing] time on herself when she feels down . . . usually helps." *Tr. 611.*

On October 26, 2023, Ms. Coles saw a mental health specialist, who noted that Ms. Coles previously "had a breakdown in [her] doctor's office." *Tr. 903, 906.*

However, Ms. Coles reported that she was not taking any "psych medications." *Tr. 906.* She was prescribed medications for mood stabilization, insomnia, and panic/anxiety as well as a recommendation to start therapy. *Tr. 906.* At a follow-up appointment on November 22, 2023, she reported positive results with some of the prescribed medications. *Tr. 912.* Ms. Coles also reported that therapy had been "very helpful." *Id.* "An impairment which can be controlled by treatment or medication is not considered disabling." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002). Sleeping – because she had not been taking her Ambien – and panic attacks remained issues for Ms. Coles, so the treatment provider adjusted her medications. *Tr. 912.*

The ALJ found that although Ms. Coles "displayed sad mood and affect," overall "mental status exam results appeared unremarkable with normal attention span, normal cognition, intact memory, and intact/goal directed thought process and thought content." *Tr. 23.* Additionally, at an October 2023 appointment, Ms. Coles advised that she was unable to work due to a back injury, not because of her mental health or difficulty getting along with others. *Tr. 906.*

The evidence of record supports the ALJ's conclusion, and Ms. Coles has not demonstrated reversible error on this point.

## IV. Conclusion

As set out above, the ALJ applied proper legal standards in evaluating Ms. Coles' claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE RECOMMENDED that the Court affirm the Commissioner's decision and enter judgment in favor of the Commissioner.

Dated 8 September 2026.

UNITED STATES MAGISTRATE JUDGE